# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | |
| vs. ) | Case No. CR-13-264-M |
| ) | (CIV-17-161-M) |
| DENNIS M. MULLINS, ) | |
| ) | |
| Defendant-Movant. ) | |

## ORDER

Defendant-Movant Dennis M. Mullins ("Mullins"), a federal prisoner, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on February 16, 2017. On March 2, 2017, plaintiff-respondent United States of America filed its response to Mullins' motion. On June 5, 2017, Mullins filed his reply.

## I.    Background

On November 12, 2013, a grand jury returned an Indictment against Mullins, charging him with receipt and transportation of child pornography. On January 29, 2014, Mullins pled guilty to both counts. On September 17, 2014, the Court sentenced Mullins to 240 months of imprisonment. Mullins appealed his sentence to the Tenth Circuit Court of Appeals. In an unpublished opinion issued December 18, 2015, the Tenth Circuit affirmed Mullins' sentence. *See United States v. Mullins*, 632 F. App'x 499 (10th Cir. 2015). Mullins filed a Petition for Writ of Certiorari, which was denied on April 18, 2016.

## II.   Discussion

Mullins asserts the following thirteen grounds in support of his § 2255 motion: (1) ineffective assistance of counsel based upon failing to interview Rhonda G. Mullins; (2) ineffective assistance of counsel based upon failing to interview Angela Mullins; (3) ineffective assistance of

counsel based upon failing to interview Matthew T. Whitefield; (4) ineffective assistance of counsel based upon failing to interview Denise Lynn; (5) ineffective assistance of counsel based upon failing to interview Judy Bowermaster; (6) ineffective assistance of counsel based upon failing to investigate the allegations made by Julie Mullins; (7) ineffective assistance of counsel based upon failing to ensure the PSR was correct; (8) ineffective assistance of counsel based upon coercing Mullins into a plea agreement[1]; (9) ineffective assistance of counsel based upon failing to argue for credit for the ten months served in the pretrial center; (10) ineffective assistance of counsel based upon failing to ensure that the § 2G2.2(b)(4) enhancement was properly supported; (11) ineffective assistance of counsel based upon failing to ensure that the § 2G2.2(b)(2) enhancement was properly supported; (12) ineffective assistance of counsel based upon failing to obtain available evidence to present on appeal regarding the pattern of activity enhancement; and (13) the effect of United States Sentencing Guidelines Amendment 801 on the enhancements to Mullins' sentence.

 A. <u>Ineffective assistance of counsel (Grounds 1-12)</u>

 1. <u>The law</u>

To prevail on a claim of ineffective assistance of counsel, Mullins must first show:

> his counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness. To make this showing, [movant] must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy. Second, he must demonstrate there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different.

---

[1] In his § 2255 motion, Mullins asserts that he was coerced into a plea agreement; however, there was no plea agreement in this case. The Court, therefore, will construe this ground as an assertion that Mullins' counsel was ineffective by coercing Mullins to plead guilty.

*Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998). *See also Strickland v. Washington*, 466 U.S. 668 (1984). A court is not required to address both components of the test if the movant makes an insufficient showing on one, and, thus, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. To prove that counsel's performance was constitutionally deficient, a movant must show that the omissions of counsel fell "outside the wide range of professionally competent assistance." *Id.* at 690. Further, a court's scrutiny of the adequacy of counsel's performance must be strongly deferential and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Finally, courts should evaluate the reasonableness of the challenged conduct from counsel's perspective at the time of the alleged error, not in hindsight. *See id.*

  2.  Factual background

In the presentence investigation report ("PSR"), Mullins was assessed a five-level guideline enhancement pursuant to United States Sentencing Guidelines § 2G2.2(b)(5) for engaging in a "pattern of activity involving the sexual abuse or exploitation of a minor" because the "investigative reports reflect that the defendant's two adult daughters and adult step-son reported he sexually abused them when they were minors." PSR [docket no. 31] at ¶ 58. Mullins' counsel objected to the application of this enhancement and to the underlying facts. Prior to sentencing, Mullins' counsel filed a twenty-four page sentencing memorandum and a supplemental sentencing memorandum.

At the sentencing, the United States presented four exhibits: (1) Canadian County Sheriff's Deputy Doug Gerten's report reflecting that when the search warrant was executed Mullins' wife reported that Mullins' daughters, Julie Mullins and Denise Lynn, had made sexual abuse

3

allegations against him, that DHS had investigated but nothing happened, and that her son, Matthew Whitefield, had confronted Mullins about what he had done to him; (2) a signed, sworn statement from Denise Mullins (Lynn) alleging that her father sexually abused her; (3) another report of Deputy Gerten memorializing his interview with Mr. Whitefield, in which Mr. Whitefield allegedly stated that Mullins sexually abused him[2]; and (4) an audio-recording of Deputy Adam Flowers' interview of Mullins' eldest daughter, Julie Mullins, in which Ms. Mullins alleges that Mullins sexually abused her when she was a child. In addition, the United States presented the testimony of Deputy Gerten. On cross-examination, Mullins' counsel elicited that Denise Mullins later retracted part of her statement. Mullins' counsel further argued that the sexual abuse allegations had not been corroborated. At the sentencing, Mullins' counsel also presented nine sentencing letters from Mullins' friends and family, including letters from Mullins' wife, Mr. Whitefield, Mullins' daughter, Angela Mullins; and Mullins' sister, Judy Bowermaster. Finally, at the sentencing, Mullins addressed the Court.

   3.  <u>Failure to interview (Grounds 1-5)</u>

Mullins asserts that his counsel was ineffective by failing to interview Rhonda G. Mullins, Angela Mullins, Matthew T. Whitefield, Denise Lynn, and Judy Bowermaster.[3] Mr. Whitefield is Mullins' step-son. Based upon a statement made by Mullins' wife, investigators interviewed Mr. Whitefield. During the interview, Mr. Whitefield stated that when he was in the third grade, Mullins started showing him pornography, Mullins demonstrated masturbation, and eventually masturbated Mr. Whitefield. *See* Government's Exhibit 3, October 23, 2013 report of Deputy Gerten, admitted into evidence at Mullins' sentencing. Additionally, in the sentencing letter Mr.

---

[2] Mr. Whitefield was present in the courtroom during the sentencing.
[3] Mullins has attached affidavits from all of these individuals to his § 2255 motion.

4

Whitefield wrote, he states that he has forgiven Mullins. In his current affidavit submitted with Mullins' § 2255 motion, Mr. Whitefield states that he retracts his previous statement given to Deputy Gerten; however, he does not specifically state that Mullins did not abuse him.

Having carefully reviewed the parties' submissions and the case file, and evaluating the reasonableness of Mullins' counsel's failure to interview Mr. Whitefield from counsel's perspective at the time of the alleged error, and not in hindsight, the Court finds Mullins has not shown his counsel's performance was constitutionally deficient. Specifically, the Court finds Mullins has not shown that his counsel's failure to interview Mr. Whitefield fell outside the wide range of professionally competent assistance. Further, because Mullins has failed to show that his counsel's performance was constitutionally defective, the Court need not examine the prejudice prong set forth in *Strickland*. Accordingly, the Court finds that Mullins' counsel was not ineffective by failing to interview Mr. Whitefield.

Regarding Mullins' counsel's failure to interview the other family members, the Court, in light of its previous finding regarding the failure to interview Mr. Whitefield, finds that Mullins has not shown that he suffered any prejudice as a result of his counsel's failure to interview these other family members. On appeal, the Tenth Circuit held that the evidence regarding Mr. Whitefield "alone is sufficient to support the pattern-of-activity enhancement." *Mullins*, 632 F. App'x at 507. Thus, even if Mullins' counsel rendered constitutionally deficient performance by failing to interview Rhonda G. Mullins, Angela Mullins, Denise Lynn, and Judy Bowermaster regarding the alleged molestations of Julie Mullins and Denise Lynn, Mullins cannot show any prejudice because these molestations were not needed to apply the five level pattern of activity enhancement.

Accordingly, the Court finds that Grounds 1 through 5 of Mullins' § 2255 motion should be denied.

4. Failure to investigate (Ground 6)

Mullins asserts that his counsel was ineffective by failing to investigate the allegations made by Julie Mullins. Having carefully reviewed the parties' submissions, and for the reasons set forth in relation to grounds 1, 2, 4, and 5, the Court finds that Mullins cannot show any prejudice from his counsel's failure to investigate because the Court could have assessed the five level pattern of activity enhancement without relying on the Julie Mullins' allegations. The Court, therefore, finds that Mullins' counsel was not ineffective by failing to investigate the allegations made by Julie Mullins.

Accordingly, the Court finds that Ground 6 of Mullins § 2255 motion should be denied.

5. Failure to ensure PSR was correct (Ground 7)

Mullins asserts that his counsel was ineffective by failing to ensure that the information and enhancements in the PSR were correct and properly justified. First, Mullins asserts that his counsel failed to investigate and correct paragraph 56 of the PSR, which referenced United States Sentencing Guidelines § 5G2.2(b)(3)(F) rather than United States Sentencing Guidelines § 2G2.2(b)(3)(F). A review of the PSR makes clear that this reference to § 5G2.2(b)(3)(F) was a scrivener's error, as there is no § 5G2.2(b)(3)(F) and as the PSR specifically stated that the guideline for Mullins' offenses is § 2G2.2. The Court, therefore, finds that Mullins' counsel was not constitutionally deficient by failing to correct this scrivener's error.

Second, Mullins asserts that his counsel failed to investigate the alleged pattern of activity used for the five point pattern of activity enhancement. For the same reasons set forth in relation

to Grounds 1-6, the Court finds that Mullins' counsel was not ineffective in relation to the pattern of activity enhancement.

Accordingly, the Court finds that Ground 7 of Mullins § 2255 motion should be denied.

6. Guilty plea (Ground 8)

Mullins asserts that his counsel coerced him into signing a plea agreement that changed substantially at the change of plea hearing. Specifically, Mullins contends that his counsel forced him to make incorrect statements and coerced him into admitting to crimes that he did not commit and that directly conflicted with the statements made during the investigation. Mullins further contends that these statements were used as a basis to add further enhancements and caused him to receive a much longer sentence.

Having carefully reviewed the parties' submissions, as well as the transcript of the change of plea hearing, the Court finds Mullins has not shown that his counsel coerced his guilty plea, forced him to make incorrect statements, or coerced him into admitting to crimes that he did not commit. At the change of plea hearing, Mullins stated that his plea of guilty was being made voluntarily and completely of his own free choice and that he had not been forced or threatened in any way to plead guilty. *See* Change of Plea Transcript at p. 6, lns 3-8. Additionally, at the change of plea hearing, the Court found that Mullins' plea of guilty was made voluntarily and with his understanding of the charges against him, and with his knowledge of the consequences of his plea of guilty. *See id.* at p. 13, lns 17-20. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Further, "a defendant's statements on the record, as well as any findings made by the judge accepting the plea, constitute a formidable

7

barrier in any subsequent collateral proceedings." *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (internal quotations and citations omitted).

Additionally, the Court finds that the factual statements made by Mullins at the change of plea solely addressed the bare elements of the counts to which he was pleading guilty. The Court further finds that none of the statements were used as a basis to add further enhancements or caused Mullins to receive a much longer sentence.

Accordingly, the Court finds that Ground 8 of Mullins' § 2255 motion should be denied.

### 7. Credit for time in pretrial center (Ground 9)

Mullins asserts that his counsel was ineffective by failing to argue for credit for the ten months that he served in the pretrial center, the Carver Center. Specifically, Mullins contends that his confinement in the pretrial center should be considered a "jail type confinement" for which he should be entitled to credit. Courts, however, have held that a defendant is not entitled to credit for time spent in pretrial centers. *See Reno v. Koray*, 515 U.S. 50, 65 (1995) (holding that time spent at community treatment center was not "official detention" within the meaning of 18 U.S.C. § 3585(b) and defendant was not entitled to credit against his sentence of imprisonment). The Court, therefore, finds that Mullins' counsel was not ineffective by failing to argue for credit for the ten months that Mullins served in the Carver Center.

Accordingly, the Court finds that Ground 9 of Mullins' § 2255 motion should be denied.

### 8. § 2G2.2(b)(4) enhancement (Ground 10)

Mullins asserts that his counsel was ineffective by failing to ensure that the enhancement to his sentence under § 2G2.2(b)(4) was properly supported. Specifically, Mullins contends that there is no reference in the PSR to any specific picture or video to which this enhancement would

8

apply. Mullins further contends that his counsel did not object to the fact that there was no supporting evidence offered to support this enhancement.

Pursuant to § 2G2.2(b)(4), a four level enhancement should be applied if the offense "involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler". USSG § 2G2.2(b)(4). Having reviewed the PSR, and particularly paragraphs 35 through 40, the Court finds numerous videos are described which clearly involve material that portrays sadistic or masochistic conduct or other depictions of violence and that portrays sexual abuse or exploitation of an infant or toddler. As there clearly was sufficient evidence set forth in the PSR to support the enhancement under § 2G2.2(b)(4), the Court finds Mullins' counsel was not ineffective by failing to object to the PSR's application of this enhancement.

Accordingly, the Court finds that Ground 10 of Mullins' § 2255 motion should be denied.

9. § 2G2.2(b)(2) enhancement (Ground 11)

Mullins asserts that his counsel was ineffective by failing to ensure that the enhancement to his sentence under § 2G2.2(b)(2) was properly supported. Specifically, Mullins contends that there is no reference in the PSR to any specific picture or video to which this enhancement would apply. Mullins further contends that his counsel did not object to the fact that there was no supporting evidence offered to support this enhancement.

Pursuant to § 2G2.2(b)(2), a two level enhancement should be applied "[i]f the material involved a prepubescent minor or a minor who had not attained the age of 12 years". USSG § 2G2.2(b)(2). Having reviewed the PSR, and particularly paragraphs 27 through 32 and paragraphs 35 through 40, the Court finds numerous videos are described which clearly involve material that involved a prepubescent minor or a minor who had not attained the age of 12 years. As there

9

clearly was sufficient evidence set forth in the PSR to support the enhancement under § 2G2.2(b)(2), the Court finds Mullins' counsel was not ineffective by failing to object to the PSR's application of this enhancement.

Accordingly, the Court finds that Ground 11 of Mullins' § 2255 motion should be denied.

### 10. Evidence for appeal (Ground 12)

Mullins asserts that his counsel was ineffective by failing to obtain available evidence to present on appeal regarding the pattern of activity enhancement. Specifically, Mullins asserts that his counsel was ineffective by failing to interview certain family members and by failing to conduct an investigation regarding Julie Mullins' allegations. As set forth above, the Court has found that Mullins' counsel was not ineffective based upon any failure to interview these family members or any failure to conduct an investigation regarding Julie Mullins' allegations. The Court, therefore, finds that Mullins' counsel was not ineffective by failing to obtain available evidence to present on appeal regarding the pattern of activity enhancement.

Accordingly, the Court finds that Ground 12 of Mullins' § 2255 motion should be denied.

### B. Amendment 801 (Ground 13)

Mullins asserts that because United States Sentencing Guidelines § 2G2.2(b)(3)(F) has been amended to require specific intent – that the defendant knowingly engaged in distribution, and because the United States did not prove that Mullins knowingly distributed any images, the distribution enhancement should be removed and the two level reduction under United States Sentencing Guidelines § 2G2.2(b)(1) should be applied. The United States contends that the amendment to § 2G2.2(b)(3)(F) is not retroactive and Mullins is entitled to no relief.

The Tenth Circuit has held that courts may give retroactive effect to amendments that are clarifying as opposed to substantive. *See United States v. Kissick*, 69 F.3d 1048, 1052 (10th Cir.

1995). Further, when determining whether an amendment is substantive or clarifying, courts should consider the following three factors: "(1) whether the amendment alters the controlling pre-amendment interpretation of the guideline, (2) how the Sentencing Commission characterized the amendment, and (3) whether the amendment changes the text of the sentencing guideline or merely the accompanying commentary." *United States v. Groves*, 369 F.3d 1178, 1183 (10th Cir. 2004) (internal citation omitted).

Having carefully reviewed the above three factors, the Court finds that the amendment to § 2G2.2(b)(1) is substantive and should not be applied to Mullins on collateral review. Specifically, the Court finds the amendment altered the controlling pre-amendment interpretation of the guideline by adding a *mens rea* element that did not previously exist. In fact, the Tenth Circuit had held that the enhancement would apply regardless of whether the defendant did so purposefully, knowingly, or negligently. *See United States v. Ray*, 704 F.3d 1307, 1311-12 (10th Cir. 2013). Further, the Court finds the Sentencing Commission did not declare the amendment to apply retroactively. Finally, the Court finds the amendment changed the text of the guideline by adding the "knowingly" requirement.

Accordingly, the Court finds that Ground 13 of Mullins' § 2255 motion should be denied.

III.  Evidentiary Hearing

As set forth above, Mullins' motion does not set forth a basis for relief from his conviction and sentence. Because that conclusion is conclusively shown from the motion, files, and record, the Court finds there is no need for an evidentiary hearing on this motion. *See* 28 U.S.C. § 2255; *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000).

IV.     Conclusion

Accordingly, the Court DENIES Mullins' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 11th day of December, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE